**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RIAN VICTOR LOPES-CAMPOS, | : |
| Petitioner, | : |
| | : |
| v. | :     Civil No. 2:26-cv-04205-JLS |
| | : |
| J.L. JAMISON, *et al.*, | : |
| Respondents. | : |

## <u>ORDER</u>

**AND NOW**, this 26th day of June, 2026, upon consideration of Rian Victor Lopes-Campos's Petition for Writ of Habeas Corpus (ECF No. 1) and the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 4), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED** as follows:

1. Rian Victor Lopes-Campos is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. The Government shall **RELEASE** Rian Victor Lopes-Campos from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on June 30, 2026;

3. If the Government chooses to pursue re-detention of Rian Victor Lopes-Campos pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

4. The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.[1]

---

[1] Mr. Lopes-Campos continuously resided in the United States for over five years. (*See* ECF No. 1, Verified Pet. for Habeas Corpus, ¶ 1). He arrived on or about June 6, 2021. (*Id.*). He was encountered by DHS officers shortly after entering the country. (*Id.* at ¶ 18). DHS detained and processed Mr. Lopes-Campos and released him to live to in Philadelphia with his family. (*Id.*). On or about June 17, 2026, DHS officials arrested Mr. Lopes-Campos outside of his home. (*Id.* at ¶ 20).

The Government's arguments are familiar. The Government maintains Mr. Lopes-Campos is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and the detention does not offend due process. The vast majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele*

**BY THE COURT:**

/s/ Jeffrey L. Schmehl
**JEFFREY L. SCHMEHL**
United States District Court Judge

---

*Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025). The Court will not belabor the point: Mr. Lopes-Campos's mandatory detention without the opportunity for a bail hearing is unlawful.